OPINION
Defendant-appellant Johnny Cleavenger appeals from the February 16, 2000, and February 17, 2000, Judgment Entries of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 25, 2000, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, a felony of the first degree. The indictment alleged as follows: "That JOHNNY LEN CLEAVENGER late of said County from on or about the 21st day of October in the year of our Lord one thousand nine hundred and ninety-nine, to on or about the 22nd day of October in the year of our Lord one thousand nine hundred and ninety-nine, at the County of Stark, aforesaid, did engage in sexual conduct with Mary Graven, who is not his spouse, the said Mary Graven's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the said JOHNNY LEN CLEAVENGER knows or has reasonable cause to believe that the said Mary Graven's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age and/or the said JOHNNY LEN CLEAVENGER having purposely compelled Mary Graven to submit by force or threat of force, in violation of Section2907.02 of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio."
At his arraignment on February 4, 2000, appellant entered a plea of not guilty to the charge contained in the indictment. Appellant, on February 4, 2000, filed a written plea of not guilty by reason of insanity. Thereafter, on February 16, 2000, appellant entered a plea of guilty to the crime of rape as charged in the indictment. As memorialized in a Judgment Entry filed the same day, appellant was sentenced to prison for a period of nine years. The trial court specifically ordered that appellant's sentence be served consecutively with appellant's sentence in Stark County Common Pleas Case No. 1999CR1402(A). A sexual predator hearing was also held on February 16, 2000. Following the hearing, the trial court, pursuant to Judgment Entries filed on February 16, 2000, and February 17, 2000, adjudicated appellant a sexual predator. It is from the trial court's February 16, 2000, and February 17, 2000, Judgment Entries that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
Appellant, in his sole assignment of error, contends that the trial court erred in adjudicating him a sexual predator as defined in R.C.2950.01(E) since there was insufficient evidence in the record to support such a finding. We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(C) sets forth that the trial court shall consider the factors listed in R.C. 2950.09(B)(2) in determining whether someone is a sexual predator, and shall only make such determination if the trial court finds the evidence is clear and convincing. (R.C. 2950.09(C)(2)(b)) R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: "(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct."
At the sexual predator hearing, the trial court, after reviewing the pretrial discovery filed in Case No. 1999CR1402(A) as well as sanity and competency reports filed in this matter, held as follows in adjudicating appellant a sexual predator: ". . . [t]he Court has also reviewed all relevant factors, including the offender's age in this particular matter, ah, the offender's prior criminal record, which was whatever was filed as part of the pretrial discovery in this matter, the age of the victim, which would indicate that this victim was a senior citizen. The Court has reviewed any mental illness or disability of the offender, which this Court would find to be none.
Ah, as it would relate to anything that might be mitigating to him, as far as being related as a predator, the nature of the offender's sexual activity with the victim, ah, I think it goes without saying, if you review those medical records, that this was a brutal attack. This woman was basically beaten to the point that her facial bones were broken, she had numerous fractures. Ah, I don't think it could have been any worse than it was.
Whether the offender displayed or threatened cruelty. I don't think there is any doubt that not only was this cruel, this was just vicious and vile, unprevoked and, again, I would indicate probably one of the most vicious attacks that I've ever had the opportunity to be involved in on [sic] my years on the bench.
And the Court would also look at the additional behavioral characteristics that contribute to the offender's conduct.
And I've reviewed all of the other factors and this Court finds by clear and convincing evidence that the defendant should be labeled as a sexual predator. He will be so labeled."
Transcript of Proceedings at 58-60. The trial court incorporated its findings of fact in a Judgment Entry filed on February 17, 2000. Accordingly, we find that the trial court considered the factors set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the February 16, 2000, hearing. In short, there was evidence presented to the trial court that appellant, after consuming alcohol and drugs, had brutally raped and assaulted a 72 year old woman during a burglary. The victim was the grandmother of a friend. We further find that the evidence presented and the findings made by the trial court at such hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence. Appellant's sole assignment of error, therefore, is overruled.
 _________________________ Edwards, J.
By Edwards, J. Gwin, P.J. and Reader, concurs